## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                                CRIMINAL NO. 3:02-CR-128-HTW-JCS
                                                   CIVIL ACTION NO. 3:05-CV-295-HTW-JCS

OTTO MELVIN RAMIREZ                                                        DEFENDANT

### <u>ORDER</u>

Before this court is the defendant's motion to vacate judgment and to grant

habeas corpus relief.  His motion, filed pursuant to Title 28 U.S.C. § 2255,[1] asks this

court to modify his sentence of incarceration imposed.  Sentenced to serve 54 months

in the custody of the United States Bureau of Prisons as a removed alien who re-

entered the United States after being deported for commission of crimes in violation of

Title 8 U.S.C. § 1326,[2]  the defendant asks this court to subtract a sixteen point

---

[1]Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without juris-diction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2]Title 8 U.S.C. § 1326(b) provides that, "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection--

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;

(3) who has been excluded from the United States pursuant to section 1225(c) of this title because the

increase in the offense level used to compute his sentence.  The defendant contends that this modification of his sentence is mandated by the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The defendant also contends that his attorney provided ineffective assistance by failing to object to the defendant's presentencing report and the resultant sixteen level increase.

The United States of America opposes defendant's motion in its entirety. Persuaded by these objections, discussed below, this court finds that the defendant has failed to assert any constitutional grounds upon which habeas corpus relief may be granted and hereby denies his petition.

A federal prisoner may move to vacate, set aside or correct his sentence under four cognizable grounds:  (1) constitutional issues;  (2) challenges to the district court's jurisdiction to impose the sentence;  (3) challenges to the length of a sentence in excess of the statutory maximum;  and (4) claims that the sentence is otherwise

---

alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence.  or

(4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this title who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under Title 18, imprisoned for not more than 10 years, or both.

For the purposes of this subsection, the term "removal" includes any agreement in which an alien stipulates to removal during (or not during) a criminal trial under either Federal or State law.

subject to collateral attack. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). The defendant asserts none of these injuries in his petition. Instead, he claims that his sentence was imposed under mandatory sentencing guidelines and, inasmuch as the United States Supreme Court has declared mandatory guidelines to be unconstitutional, he contends that his sentence must be reduced.

## THE *BOOKER* CLAIM

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court invalidated an upward departure under the sentencing guidelines of the State of Washington, which was imposed on the basis of certain facts found by the court at sentencing. Because the facts relied upon by the *Washington* court were neither admitted by the defendant nor found by a jury, the Supreme Court held that the sentence violated the Sixth Amendment.

Subsequently, in the case of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court extended the reasoning of *Blakely* to apply to the United States Sentencing Guidelines. Additionally, the *Booker* Court held that both its Sixth Amendment holding and its remedial interpretation that the Sentencing Guidelines are not mandatory would apply "to all cases on direct review." *Id.*, 125 S.Ct. at 769. Thereafter, in the case of *In re*

3

*Elwood*, 408 F.3d 211, 213 (5th Cir. 2005), a case involving a successive Section 2255 petition, the United States Court of Appeals for the Fifth Circuit observed that the Supreme Court had "strongly suggested" that *Blakely* and *Booker* do not apply retroactively on collateral review.  *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005)(same);  *see also  Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi*[3] to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

In the instant case, the defendant's sentence became final on April 28, 2004 when the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence.  The United States Supreme Court's decision in *Booker* was decided on January 12, 2005.  Since *Booker* was decided, the Fifth Circuit in *In Re Elwood* and also the Fifth Circuit's sister federal appellate courts have considered the question and have concluded that *Booker* does not apply retroactively to those cases whose direct appeal was over and which were proceeding on collateral review.  *See Varela v. United States*, 400 F.3d 864, 866 (11th Cir. 2005);  *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005);  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005); *United States v. Leonard*, 120 Fed. Appx. 759 (10th Cir. 2005) (not selected for publication in the

[3]*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4

Federal Reporter).  This is so because the holding in *Booker* is a new constitutional

rule of criminal procedure, not retroactively applicable to cases that became final

before the decision was announced.  *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct.

1060, 103 L.Ed.2d 334 (1989).  Therefore, the United States Supreme Court's

decision in *Booker* offers the defendant herein no basis for habeas corpus relief.

### THE INEFFECTIVE ASSISTANCE CLAIM

Additionally, the defendant claims ineffective assistance of counsel.  He

accuses his counsel of failing to raise an objection to the presentencing report or to

argue that the felony underlying the defendant's sentence for illegal reentry as a

removed alien was not an aggravated felony warranting a 16-level upward adjustment

of sentence under the Sentencing Guidelines.

The Sixth Amendment to the United States Constitution[4] guarantees criminal

defendants the effective assistance of counsel.  *Yarborough v. Gentry*, 540 U.S. 1, 5,

124 S.Ct. 1, 157 L.Ed.2d 1 (2003).  Claims for ineffective assistance of counsel are

analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To prevail under the Strickland

standard, a defendant must demonstrate both constitutionally deficient performance

by counsel and actual prejudice as a result of the alleged deficiency.  *Williams v.*

*Taylor*, 529 U.S. 390, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  "Unless a

---

[4]The Sixth Amendment to the Constitution of the United States provides that in, "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

5

defendant makes both showings, it cannot be said that the conviction ⋯ resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.  Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *Id.*, 466 U.S. at 687-88.  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort, "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*, at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir.2005) (quoting Strickland, 466 U.S. at 694).

Ordinarily, counsel's failure to object, standing alone, does not rise to the level of constitutionally deficient performance.  In cases where an accused complains that counsel was ineffective because he did not object to something or file a particular pretrial motion, the courts grant significant deference, as such actions fall "squarely within the ambit of trial strategy." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Courts are not inclined to find ineffective assistance in such cases because most objections of this type would have been frivolous and would have been overruled. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Clark v. Collins*, 19

6

F.3d 959, 966 (5th Cir. 1994); *United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir.1998).

Furthermore,  Section 2L1.2 of the Sentencing Guidelines provides that the base offense level for a defendant who unlawfully has entered or remained in the United States will be 8.  In the event the defendant previously was deported, or unlawfully remained in the United States after a conviction for a felony that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, then the court is to increase the offense level by 16.  Inasmuch as the Sentencing Guidelines were mandatory at the time the defendant was sentenced, and the defendant had committed a crime of violence when he reentered the United States illegally,  this court was bound to apply the 16 level adjustment to the calculation of the defendant's sentence.  This was not error and the *Booker* decision does not make it so retroactively.  Moreover, had counsel raised an objection to the application of this Sentencing Guidelines requirement, the objection would have been overruled, whether as frivolous or otherwise.  Therefore, this court finds no basis for awarding habeas corpus relief based on the defendant's ineffective assistance of counsel claim.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or a district judge issues a

Certificate of Appealability (COA).  *See* Title 28 U.S.C. § 2253(c)(1)(A).  Although the

defendant has not yet filed a notice of appeal, this court nonetheless addresses

whether he would be entitled to a COA.  *Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000) (it is appropriate for the district court to address *sua sponte* issue of

whether a COA should be granted or denied, even before one is requested).  For a

COA to issue, one must make a substantial showing of the denial of a constitutional

right.  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  An applicant makes

a substantial showing when he demonstrates that his application involves issues that

are debatable among jurists of reason, that another court could resolve the issues

differently, or that the issues are suitable enough to deserve encouragement to

proceed further.  *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).  In the

instant case, the defendant has not made the showing necessary for issuance of a

COA.

## **CONCLUSION**

Therefore, the defendant's motion to vacate judgment and to grant habeas

corpus relief by modifying his sentence, which is filed pursuant to Title 28 U.S.C.

§ 2255, is not well taken and the same is denied.  The Certificate of Appealability also

is denied.


**SO ORDERED**, this the 15th day of September, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CRIMINAL NO. 3:02-CR-128-HTW-JCS
CIVIL ACTION NO. 3:05-CV-295-HTW-JCS
Order